UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61215-MC-COHN/SELTZER

EMISSIVE ENERGY CORPORATION,

        Plaintiff,

vs.

NOVATAC, INC.

        Defendant.

_____/

## ORDER OVERRULING SPA-SIMRAD, INC.'S OBJECTIONS AND DENYING SPA-SIMRAD, INC.'S MOTION TO STAY ORDER

**THIS CAUSE** is before the Court upon Non-Party Spa-Simrad, Inc.'s Objections to Order Dated August 18, 2009 [DE 14] ("Objections") and Spa-Simrad, Inc.'s Motion to Stay Order and/or Plaintiff's Subpoena Duces Tecum for Deposition [DE 15] ("Motion to Stay Order").  The Court has reviewed the Order of the Magistrate Judge [DE 9], the Objections, the Motion to Stay Order, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Emissive Energy Corporation designs, manufactures, and sells high performance flashlights and is the exclusive licensee of four United States patents (the "Patents").  Plaintiff alleges that Defendant NovaTac, Inc. has been manufacturing, marketing, and selling LED flashlights that infringe the Patents.  Consequently, Plaintiff filed an action against Defendant in the United States District Court for the District of Rhode Island ("the Rhode Island Case").

While engaging in discovery in the Rhode Island Case, the parties "negotiated a form of Protective Order that allowed parties *and non-parties* to produce documents

and information in the suit subject to two tiers of confidentiality provisions, 'Confidential,' and 'Highly Confidential/Attorneys Eyes Only.'" ("Confidentiality Agreement")  DE 2 at 4 (emphasis added).  Thereafter, on July 24, 2009, Plaintiff served Movant with a Subpoena Duces Tecum ("Subpoena").  The Subpoena noticed Movant's deposition for August 28, 2009, and sought production of specified documents related to Movant's purchases of the Accused Products from Defendant as well as documents related to Movant's subsequent sales of those products.

Movant then sought to quash the Subpoena under Federal Rule of Civil Procedure 45 or, in the alternative, to impose a protective order under Federal Rule of Civil Procedure 26.  Movant objected to the Subpoena, contending that it seeks irrelevant information, presents an undue burden, and calls for the disclosure of confidential and/or proprietary information "which would cause an irreparable harm to [Movant] that could never be redressed or cured."  See DE 2 at 3.

Judge Seltzer found Movant's arguments unpersuasive and issued an Order [DE 9] that denied the Movant's Motion to Quash Service of Process and/or Protective Order on Plaintiff's Subpoena Duces Tecum.  Thereafter, Movant filed objections to Judge Seltzer's Order.  The Court addresses the objections below.

## A.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(A), Magistrate Judges may decide non-dispositive motions.  Upon objection by a party, the District Court may reconsider any pretrial matter where it has been shown that the Magistrate Judge's order is "clearly erroneous or contrary to law."  See 28 U.S.C. § 636(b)(1); Massey v. United Transp. Union, 868 F. Supp. 1385, 1388 (S.D. Ga.1994) (stating that a magistrate judge's order

will be set aside when clearly erroneous or contrary to law), aff'd, 65 F.3d 183 (11th Cir. 1995). Accordingly, unless Magistrate Judge Seltzer's determinations with respect to the discovery matters at issue were clearly erroneous, or contrary to law, those determinations shall not be disturbed.

### B. The Magistrate Judge's Order Was Not Clearly Erroneous

The Court finds that Judge Seltzer's Order was not clearly erroneous. First, the Court finds that the requested testimony and documents are reasonably calculated to lead to the discovery of admissible evidence on issues of both liability and damages.

Second, the Movant has not established good cause for the protection sought. Although Movant has averred that the subpoenaed information includes privileged and protected matters, trade secrets, and other confidential materials, Judge Seltzer balanced "the need for protection of the trade secrets against the claim of injury resulting from disclosure" and concluded that the subpoena should not be quashed. See Empire of Carolina, Inc. v. Mackle, 108 F.R.D. 323, 326 (S.D. Fla. 1985) (Marcus, J.) (noting that "[d]etermination of whether the need outweighs the harm of disclosure falls within the sound discretion of the trial court."). Moreover, Movant fails to recognize that it carries the initial "heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury." Preferred Care Partners Holding Corp. v. Humana, Inc., 2008 WL 4500258, at *3 (S.D. Fla. Oct. 3, 2008). The Court agrees with Judge Seltzer that Movant has not carried its burden.

Lastly, the Confidentiality Agreement from the Rhode Island case, along with any other confidentiality agreement negotiated between Plaintiff and Movant, will ameliorate any prospective harm to Movant associated with production of the subpoenaed

information.   Consequently, the Court overrules Movant's objections.

### C. The Court Need Not Stay the Magistrate Judge's Order

Movant, in its Motion to Stay Order, argues that the Defendant in the Rhode Island Case filed a Motion for Protective Order in regard to the Subpoena here at issue. Thus, Movant argues, the Motion for Protective Order "should be heard and ruled upon by the Rhode Island District Court before this matter was heard" by this Court, "as the Rhode Island Court's ruling may render this matter moot."  Objections at 2.

As Judge Seltzer correctly pointed out, the parties have already negotiated a Confidentiality Agreement in the Rhode Island Case.  That Confidentiality Agreement applies to non-parties like Movant.  Consequently, the Court's Order denying the Motion for Protective Order does not prejudice the Movant.  Moreover, if the court in the Rhode Island Case decides to issue a protective order, this Court's denial of the Motion for Protective Order is inconsequential.  By denying the Motion to Stay Order, this Court is deferring to the United States District Court for Rhode Island to administer the case in the manner it sees fit.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Non-Party Spa-Simrad, Inc.'s Objections to Order Dated August 18, 2009 [DE 14] are **OVERRULED** and Spa-Simrad, Inc.'s Motion to Stay Order and/or Plaintiff's Subpoena Duces Tecum for Deposition [DE 15] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 27th day of August, 2009.

JAMES I. COHN
United States District Judge

Copies provided to all counsel of record on CM/ECF.